IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAMAR SMALLS,

                Plaintiff,

  v.

OFFICER MCALLISTER, OFFICER SCHMIDT,         OPINION and ORDER
OFFICER PENNY, OFFICER CURTIS,
OFFICER MEUNIER, OFFICER WEBSTER,               19-cv-679-jdp
RENEE KRUEGER, SAMANTHA MURPHY,
JOHN OURADA, BRUCE SUNDE,
PAUL WESTERHAUS, and ED WALL,

                Defendants.

---

Plaintiff Lamar Smalls, appearing pro se, is a prisoner at Green Bay Correctional Institution. Smalls alleges that when he was a juvenile detainee at Lincoln Hills School, in Irma, Wisconsin, he was beaten and sexually abused by facility staff. Smalls has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Small's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Smalls cannot proceed with his claims because his complaint violates the Federal Rules of Civil Procedure.

The problem with the complaint is that Smalls is trying to bring two different sets of claims against different sets of prison officials, which violates Federal Rules of Civil Procedure

18 and 20 by joining claims together that do not belong in the same lawsuit. Under Rule 18, a plaintiff may bring unrelated claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more than one defendant. Under Rule 20, defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007). Smalls's allegations belong in two lawsuits:

> Lawsuit No. 1: After Smalls was involved in a fight with two other detainees, defendant Officer Schmidt slammed him onto his face and Schmidt and defendant Officer Curtis beat him. He was beaten further by defendant officers Mcallister, Meunier, and Webster when the transferred him to segregation. Meunier and Webster unnecessarily humiliated him during a following strip search. Defendant Renee Krueger responded to his complaint about the beatings by saying that he probably deserved it. Smalls told defendant Samantha Murphy, a social worker, about the abuse, but she threatened him with segregation for lying. Defendants John Ourada, Bruce Sunde, Paul Westerhaus, and Ed Wall, high ranking officials at Lincoln Hills or at the Department of Corrections, were aware of widespread abuse at the facility but did nothing to address the problem.

> Lawsuit No. 2: Officer Penny sexually abused Smalls multiple times. Smalls told defendant Samantha Murphy, a social worker, about the abuse, but she threatened him with segregation for lying. Defendants John Ourada, Bruce Sunde, Paul Westerhaus, and Ed Wall, high ranking officials at Lincoln Hills or at the Department of Corrections, were aware of widespread abuse at the facility but did nothing to address the problem.

Because these two sets of claims involve different sequences of events and because there is only some overlap between the groups of defendants, they do not belong together in one lawsuit.

I will give Smalls a short time to respond to this order by explaining which of these two lawsuits he wishes to pursue under this case number. After he has informed the court of his choice, I will treat the portion of his complaint pertaining to those claims as the operative pleading, and I will screen the claims that he has chosen. If Smalls also wishes to proceed on

the set of claims he does not choose for this lawsuit, he should inform the court of that fact, and the clerk of court will open a new case for those allegations. The court will assess him an initial partial payment of the filing fee for that case.

ORDER

IT IS ORDERED that plaintiff Lamar Smalls may have until February 11, 2020, to identify for the court which claims he wishes to pursue under this case number, and whether he wishes to pursue his other set of claims in a new lawsuit.

Entered January 21, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge